(TXWD - r40.Ltr)

# UNITED STATES DISTRICT COURT

William G. Putnicki  
Clerk of the Court

Western District of Texas  
San Antonio Division  
655 E. Durango Blvd.  
San Antonio, Texas 78206

July 03, 2006

FILED  
UNITED STATES DISTRICT COURT  
DENVER, COLORADO

JUL 10 2006

GREGORY C. LANGHAM  
CLERK

Clerk, U.S. District Court  
District of Colorado  
Denver Division  
United States Courthouse  
1929 Stout Street  
Denver, Colorado 80294-3589

IN RE: Our File Number: SA-06-403M

Your File Number: 06-1111-BNB

USA vs. (1) AUSTIN GARY COOPER

Dear   Sir or Madam   :

Enclosed please find the following documents:
1. Copy of Proceeding Memo - Initial Appearance
2. Original of Financial Affidavit
3. Original Order Appointing Counsel
4. Original Order Setting Identity Hearing/Detention Hearing
5. Copy of Proceedings Memo - Identity Hearing and Detention Hearing
6. Original Order of Detention
7. Original Order of Removal
8  Original Government exhibits ADMITTED 1 thru 15

Kindly acknowledge receipt of the enclosures by signing and returning the enclosed copy of this letter.

Sincerely,  
William G. Putnicki  
Clerk of Court  
By /s/ Aurora Cisneros    (210) 472-6370  
Courtroom Deputy           Telephone No.

Encl.

RECEIVED THIS _____ DAY OF _____, _____

BY_____

UNITED STATES DISTRICT COURT Filed 6/28/2006
WESTERN DISTRICT OF TEXAS    Clerk, U.S. District Court
SAN ANTONIO DIVISION         Western District of Texas
                             By _____ Deputy

UNITED STATES OF AMERICA §
                         §  Case Number:
vs.                      §  SA:06-M-00403(1)
                         §  District of Colorado Case No. 06-1111-BNB
(1) AUSTIN GARY COOPER   §  Date: June 28, 2006
                         §  SWORN: [ ]
AKA:

## PROCEEDING MEMO - INITIAL APPEARANCE

1.  [ ] Complaint Filed _____        [X] Arrest Warrant Issued   6/14/2006
    [ ] Indictment                                                       (Date)
    [X] Information
    [ ] Prob Form 12                         [X] Agency          IRS
    [X] Arrested    6/28/2006
                    Date

2.  **COURT PERSONNEL:**
    Magistrate Judge: **JOHN W PRIMOMO**
    Courtroom Deputy: **STEPHANIE JOHNS**
    Interpreter: None

3.  **APPEARANCES:**   For the United States:   AUSA Judy Patton
                       For the Defendant: _____
                       Address: _____

                       Phone: _____
                       Retained [ ]    FPD [ ]    CJA [ ]

4.  **PROCEEDINGS:**
    a. [X] Defendant found competent.
    b. [X] Defendant informed of and received copy of charging document.
           Violation:   18 USC 401(3)
    c. [X] Defendant informed of maximum penalty:  6 months imprisonment, $1000 fine or
           as determined by the Court

    d. [X] Defendant informed of constitutional rights.
           *My constitutional rights have been explained to me.*
           Date _____  Signature _____
    e. [X] Defendant informed of right to **Identity Hearing:**
           set for  Monday, July 3rd at 9:30am
           OR
           [ ] No right to Preliminary Examination.
           Arraignment set for _____

4. **PROCEEDINGS: (Continued)**
   f. [X] Defendant informed of right to legal counsel.
      - X  1) Defendant waives counsel, **OR**  *** Defendant refused to complete a financial affidavit**
      - ___ 2) Defendant will try to secure counsel and inform court by _____ as to name, address of counsel retained, **OR**
      - ___ 3) Defendant requests appointment of counsel.
      
      Defendant has completed financial affidavit.
      - ___ a) Court finds Defendant is financially eligible and orders counsel appointed.
      
      **OR**
      - ___ b) Court finds Defendant is financially ineligible and denies request.
      
      Defendant to advise Court by _____ as to name, address of counsel retained.
   
   g. [X] **PRETRIAL RELEASE:**
      - [X] 1) Government moved for detention under §3124(f).
         Detention Hearing set for: _Monday, July 3rd at 9:30am_
      - [ ] 2) Court SUA SPONTE "moves" for detention.
         Detention Hearing set for: _____
      - [ ] 3) Temporary detention ordered.
         Bond Hearing set for: _____
      - [ ] 4) Court orders Defendant be released on the following conditions:
         - ___ a) Personal recognizance.
         - ___ b) Defendant's bond set at $ _____
             - ___ which is unsecured.
             - ___ which requires _____ % deposit.
             - ___ which requires 100% cash/corporate/surety.
         - ___ c) Additional conditions of release as set forth in Order Setting Conditions of Release.
      - [ ] 5) Detention ordered (i.e., Probation Violation).
   
   h. [ ] Temporary commitment issued _____ *Date*
   
   i. [ ] Preliminary Examination continued/reset to _____ *Date*
       at _____ *Time*
   
   j. [ ] Preliminary Examination held _____ *Date*
   
   k. [ ] Probable Cause found _____ *Date*
       **OR**
       [ ] No Probable Cause found _____ *Date*
   
   l. [ ] Defendant held to District Court _____ *Date*
   
   m. [ ] Defendant dismissed on Government's motion _____ *Date*
   
   n. [ ] Final Commitment Issued _____ *Date*
   
   o. [ ] Arraignment Set _____

Case No. 1:06-cr-00305-REB   Document 15   filed 07/10/06   USDC Colorado   pg 4 of 15

*Date*

5. a. ☐ **OTHER PROCEEDINGS** _____

_____

_____

# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § § | |
| vs. | § § § | Cr No.: SA:06-M-00403(1)<br>District of Colorado Case No. 06-1111-BNB |
| (1) AUSTIN GARY COOPER<br>*Defendant* | | |

Filed: 6/28/2006

## ORDER APPOINTING COUNSEL

The above-named defendant having satisfied this court after appropriate inquiry that he/she (1) does not wish to waive representation by counsel, and (2) is financially unable to obtain counsel, the Federal Public Defender is hereby APPOINTED to represent the defendant in the above-styled and numbered cause.

Should this case proceed before a United States District Judge, the appointment shall, nevertheless, remain in effect until terminated or a substitute attorney is appointed or retained.

SIGNED on 28th day of June, 2006.

JOHN W PRIMOMO
U.S. MAGISTRATE JUDGE

AO 470 (12/03) Order of Temporary Detention

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

Filed 6/28/2006
Clerk, U.S. District Court
Western District of Texas
By _____ Deputy

| United States of America | § | **ORDER OF TEMPORARY DETENTION** |
|---|---|---|
| vs. | § § § | **PENDING HEARING PURSUANT TO BAIL REFORM ACT** |
| (1) AUSTIN GARY COOPER *Defendant* | § § | Case Number: SA:06-M-00403(1) |

Upon Motion of the _____**GOVERNMENT**_____, it is ORDERED that a

### IDENTITY HEARING / DETENTION HEARING

is set for _____**Monday, July 03, 2006**_____ * at ___9:30 AM___
                        *Date*                                                                *Time*

before _____U.S. Magistrate Judge Pamela Mathy_____

in the   Courtroom B, on the 4th Floor in the John H. Wood, Jr. United States Courthouse, 655 East Durango Blvd., San Antonio, TX
*Location of Judicial Officer*

Pending this hearing, the defendant shall be held in custody by (the United States Marshal)
( _____ )
and produced for the hearing.

_____28th day of June, 2006_____          _____/s/ John W. Primomo_____
            *Date*                                                          JOHN W PRIMOMO
                                                                              U.S. MAGISTRATE JUDGE

---

* If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the Government, or up to five days upon motion of the defendant. 18 U.S.C. §3142(f)(2).

A hearing is required whenever the conditions set forth in 18 U.S.C. §3142(f) are present. Subsection (1) sets forth the grounds that may be asserted by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the Government or upon the officer's own motion if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or or attempt to threaten, injure, or intimidate a prospective witness or juror.

✓

## MISCELLANEOUS

| | |
|---|---|
| Case Number: SA:06-M-00403(1) | Location: San Antonio, Texas |
| Defendant's Name: **AUSTIN GARY COOPER** | Attorney for Defendant: R. Clakr Adams, stand by |
| Defendant's Name: | Attorney for Defendant: |
| Defendant's Name: | Attorney for Defendant: |
| Defendant's Name: | Attorney for Defendant: |
| Magistrate Judge: **PAMELA MATHY** | AUSA: Judith Patton |
| Courtroom Deputy: Aurora Cisneros | Interpreter   YES   X NO |
| Court Reporter: FTR Gold | Probation Officer: Gilbert Maldonado |
| Hearing Date: **July 03, 2006** | Hearing Time: **09:30 AM** |

### IDENTITY HEARING AND DETENTION HEARING

Mr. Adams announces prior to the hearings being conducted that his client, Mr. Cooper has fired him as counsel and that he will represent himself. The defendant confirms said statement. The Court will relieve Mr. Adams of his representation, but will order him to be stand by counsel for Mr. Cooper. Having considered the testimony of Internal Revenue Agent Anthony Romero, Government Exhibits 1 thru 15, the Pretrial Services Report and arguments of the attorney for the government and of defendant, the Court finds by preponderance of the evidence that there are no conditions which would reasonably assure defendant's appearance if released. On the same date, an Order of removal was signed, based upon a finding of identity made at the conclusion of the July 3, 2006 hearing.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

AUSTIN GARY COOPER,

Defendant.

CR. NO. SA-06-M-403-1

## ORDER

A detention hearing was held on July 3, 2006, pursuant to the Government's motion for detention made pursuant to Title 18, United States Code, Section 3142 (f)(2)(A). Having considered the testimony of Internal Revenue Agent Anthony Romero, Government Exhibits 1 through 15, the Pretrial Services Report, and arguments of the attorney for the Government and of defendant, the Court finds by a preponderance of the evidence that there are no conditions which would reasonably assure defendant's appearance if released. *United States v. McConnell*, 842 F. 2d 105, 110, reh. denied, 847 F. 2d 840 (5th Cir. 1988); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Reinhart*, 975 F. Supp. 834, 839 (W. D. La. 1997); *United States v. Minns*, 863 F. Supp. 360, 363 (N.D. Tex. 1994); 18 U.S.C. §3142(f). Accordingly, for the reasons set forth below, it is ordered that the defendant be detained without bond or other conditions of release pending trial of this cause. On the same date, the undersigned has signed an Order of removal, based upon a finding of identity made at the conclusion of the July 3, 2006 hearing.

1. On Wednesday, June 28, 2006, defendant received his initial appearance in this district on a one-count information returned in the United States District Court of the District of

Colorado charging defendant with criminal contempt with a violation of 18 U.S.C. § 401(3). Maximum possible punishment includes a term of imprisonment of up to six months. At the time of his initial appearance, defendant refused to complete a financial affidavit and did not want appointed counsel. The Court thereafter appointed the Office of the Federal Public Defender to assign a lawyer to serve as "stand-by" counsel or to represent defendant at the July 3 hearings, if defendant changed his mind. At the beginning of the July 3 hearing, defendant indicated he wished to appear pro se and did represent himself, presenting arguments, objecting to evidence,[1] and questioning Agent Romero, the only witness. Defendant did allow Mr. Clark Adams to be seated at counsel table with defendant and, with no intervention from the Court, permitted Mr. Adams to address the Court on at least two occasions ("without prejudice" and "under duress" to defendant's general insistence he was appearing pro se), and the Court observed defendant and Mr. Adams and defendant to confer privately and confidentially on at least four occasions during the course of the hearing.

2. Defendant declined to be interviewed by Pretrial Services Office; therefore, Pretrial submitted only an informational report which does include defendants date and place of birth, social security numbers, FBI number and criminal history information regarding defendant's prior conviction for federal income tax evasion on or about July 12, 1990 for which defendant was sentenced to serve 36 months imprisonment, followed by a three-year term of supervised release; a warrant later issued for defendant's arrest based on his failure to appear at a

---

[1] Defendant made a number of objections – to questions by the prosecutor of Agent Romero and to documents received into evidence – based on, for example, hearsay or lack of proper authentication. It is settled law that hearsay evidence is admissible on questions regarding detention/bail and identity. The other challenges and objections to evidence made by defendant were considered, whenever appropriate, when assessing the weight to be given the evidence.

2

supervised release violation hearing; defendant's supervised release term subsequently was revoked.

4.      The Court concludes that on the basis of all the evidence presented detention based upon risk of non-appearance is authorized as a preponderance of the evidence supports the conclusion that no conditions will reasonably assure defendant's appearance. *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).

## WRITTEN STATEMENT OF REASONS FOR DETENTION

The Court finds that the evidence adduced at the hearing established by preponderance of the evidence that there exists no condition or combination of conditions that will assure Defendant's appearance if he is released prior to trial. *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). The Court has considered the evidence adduced in reference to the factors listed in section 3142(g) which shall be considered in determining whether there are conditions that reasonably will assure safety and appearance: the nature and circumstances of the offense; the weight of the evidence; the history and characteristics of the person (with each of the enumerated sub-factors); and the nature and circumstances of the danger to any person or the community that would be posed by the person's release. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992), cert. denied, 507 U.S. 940 (1993). The following portions of the Order are a summary of the Court's analysis of the evidence in light of those factors and incorporates the preliminary findings and conclusions.

The evidence proffered to this Court leads this Court to believe that the weight of the evidence against Defendant is sufficient to justify the serious action of detention. Agent Romero testified concerning, and certain of Government Exhibits 1 through 15 address, the basic chronology of certain prior court proceedings involving defendant in the United States District

3

Court for the District of Colorado. Agent Romero personally identified defendant as being the same Austin Gary Cooper involved in the proceedings in the United States District Court of the District of Colorado based on his personal observation of defendant during one of his civil contempt hearings in that court and his review of photographs in the case file. Agent Romero testified he is "one hundred percent sure" the defendant in Court on July 3 is the Austin Gary Cooper named in the criminal information at issue. Defendant is charged with criminal contempt following the conclusion of civil proceedings relating to the issuance of a preliminary injunction order and civil contempt proceedings which included defendant serving a term in jail for civil contempt.

There are numerous factors that suggest a strong likelihood that defendant would not voluntarily appear for further court proceedings in the District of Colorado were he to be released on bond in this case. Agent Romero testified that the IRS is not aware that defendant has any current employment. Agent Romero testified that defendant's challenged business activities of selling expatriation documents to evade federal income taxes was "lucrative." Agent Romero testified that the IRS has learned defendant has resided in the Bandera, Texas – and San Antonio area – only since approximately October 2005, or less than one year. Although defendant has proffered he informed the Commissioner of IRS that he did not reside in Baytown, Texas (a fact of which Agent Romero testified on cross-examination he was not aware), and he proffered he has accepted the service of some summons from the IRS, the evidence does show that defendant attempted to conceal the location of his physical residence from the IRS and Agent Romero testified that defendant, in sum, attempted to evade service of the summons initially issued on the criminal information for contempt. Agent Romero testified: defendant has no Texas driver's

4

license or identification card and has no Colorado driver's license or identification card; defendant served a term in jail for Colorado state law violations relating to his lack of a Colorado driver's license at the time he served the related civil contempt sentence; defendant possessed a Turks and Caicos identification card and driver's license at the time of his arrest in this case, asserting the driver's license was an "international driver's license;" an address for defendant in Baytown was determined to be a postal box/mail service, as did another address in Willis, Texas, identified as possibly being an address for defendant at the time Agent Romero was attempting to locate defendant in connection with the service of summons in this case; and defendant used the services of a postal box/mail service for the purposes of receiving mail in Bandera, Texas. In sum, defendant's known ties to this community are not strong.

Further, defendant does not appear to recognize the authority of the Court, which makes it unlikely he will voluntarily appear for future court settings in Colorado. Defendant declined to provide any information to Pretrial Services to assist in a bond determination. Agent Romero testified that defendant did not recognize the authority of the United States District Court Judge Babcock in Colorado. The transcript of the May 7, 2004 hearing before Judge Babcock contains several illustrations of defendant challenging the jurisdiction and legitimacy of the Court. See Government Exhibit 2 at 7, 8, 12, 14, 16 and 17. Defendant referred to the United States Magistrate Judge presiding over his initial appearance in this Court as a "merchant judge," as well as the undersigned, apparent references to indicate the lack of authority or jurisdiction of this Court over defendant for the stated purposes. Defendant has filed or attempted to file a civil claim for damages against the United States, the IRS, President Bush, Chief Justice Rehnquist, Attorney General Ashcroft, Congress, "merchant judge" Babcock, and others. See Government

Exhibit 10. Agent Romero testified he knows of at least one occasion where defendant failed to appear for proceedings in the related civil case in Colorado, and one prior occasion where defendant failed to appear for proceedings in the underlying criminal case in Colorado. See Government Exhibits 5 and 14. Agent Romero testified that he had a conversation with defendant on June 1, 2006, in which defendant challenged his legitimate authority and accused him of working for a secret U.N. organization, not the IRS or United States Government. Agent Romero testified that it is his understanding that because there is a gold fringe on the United States Flag in the courtroom, the court must be a military tribunal and the proceedings can only be in the nature of a courts martial.

In sum, based on the evidence adduced at the July 3 hearing, the Government has proved by a preponderance of the evidence that conditions, even in combination, would not reasonably assure defendant's appearance at future court settings in the District of Colorado. In particular, defendant has not offered to post a money bond and there is no indication anyone has agreed to post money or sign a bond on his behalf (a surety or custodian). The addition of electronic monitoring or placement in a halfway house also do not appear to insure appearance to an acceptable level.

Accordingly,

**IT IS ORDERED** that Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the

Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

### **NOTICE OF RIGHT OF REVIEW AND APPEAL**

Section 3145(b) provides that a person ordered detained by a Magistrate may file with the District Court, the Court having original jurisdiction over the offense with which Defendant is charged, a motion for Revocation or Amendment of the Order. The District Court shall determine said Motion for Revocation or Amendment promptly.

**IT IS SO ORDERED.**

**ORDERED, SIGNED** and **ENTERED** this 3rd day of July, 2006.

*/s/ Pamela A. Mathy*

PAMELA A. MATHY
UNITED STATES MAGISTRATE JUDGE

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Filed 7-3-06
Clerk, U. S. District Court
Western District of Texas

| | | |
|---|---|---|
| United States of America | § § | |
| vs. | § § | Criminal No. SA:06-M-00403(1) |
| (1) AUSTIN GARY COOPER | § | *Ref: 06-MJ-1111* |

## ORDER OF REMOVAL

TO THE UNITED STATES MARSHAL FOR THE WESTERN DISTRICT OF TEXAS:

**(1) AUSTIN GARY COOPER**            ,charged in a proceeding pending in the

**District of Colorado**

**Denver**            DIVISION for   **18 USC 401,**

**Criminal Contempt**
and having been arrested in this district and having waived hearing as evidenced by waiver attached hereto.

YOU ARE HEREBY COMMANDED to remove **(1) AUSTIN GARY COOPER**   forthwith

to the **District of Colorado, Denver**            DIVISION, and there deliver him/her to the United States Marshal for that district or to some other officer authorized to receive him/her.

ORDERED at SAN ANTONIO, Texas on **3rd day of July, 2006**.

PAMELA MATHY
U.S. MAGISTRATE JUDGE