AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

United States of America

vs.

(1) AUSTIN GARY COOPER
*Defendant*

**EXHIBIT AND WITNESS LIST**

Case Number: SA:06-M-00403(1)

| Presiding Judge | Plaintiff's Attorney | Defendant's Attorney |
|---|---|---|
| PAMELA MATHY | Judy Patton | R. Clark Adams - stand by counsel |
| Trial/Hearing Date | Court Reporter | Courtroom Deputy |
| July 3, 2006 | FTR Gold | Aurora Cisneros |

| Plf No. | Def No. | Date Offered | Marked | Admitted | Descriptions of Exhibits* and Witnesses |
|---|---|---|---|---|---|
| 1 |  | 7/3/06 | X | X | Copy of Preliminary Injunction Order filed on 10/31/03 |
| 2 |  | 7/3/06 | X | X | Copy of Reporter Transcipt of Contmept Hearing held on 5/7/04 |
| 3 |  | 7/3/06 | X | X | Copy of Complaint for Permanent Injunction and othe relief filed 6/19/03 |
| 4 |  | 7/3/06 | X | X | Copy of Order setting Preliminary Injunction filed on 9/12/03 |
| 5 |  | 7/3/06 | X | X | Copy of Courtroom Minutes dated 10/30/03 |
| 6 |  | 7/3/06 | X | X | Copy of Permanent Injunction Order filed on 11/20/03 |
| 7 |  | 7/3/06 | X | X | Copy of third Delcaration of Martin M. Shoemaker filed 12/11/03 |
| 8 |  | 7/3/06 | X | X | Copy of Order filed 3/16/04 |
| 9 |  | 7/3/06 | X | X | Copy of Courtroom Minutes of May 7, 2004 |
| 10 |  | 7/3/06 | X | X | Copy of document filed by defendant Cooper filed 1/5/04 |
| 11 |  | 7/3/06 | X | X | Copy of Reporter's Transcipt for 10/1/04 |
| 12 |  | 7/3/06 | X | X | Copy of Reporter's Transcipt for 11/12/04 |
| 13 |  | 7/3/06 | X | X | Copy of Information filed in Colorado |
| 14 |  | 7/3/06 | X | X | Copy of Initial Appearance dated 6/13/06 |
| 15 |  | 7/3/06 | X | X | Copy of Warrant of Arrest |
|  |  |  |  |  |  |
|  |  |  |  |  | GW1 - Anthony Romero |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 3 1 2003

GREGORY C. LANGHAM
CLERK

Civil Action No. 03-B-1127 (PAC)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AUSTIN GARY COOPER, individually and d/b/a Taking Back America,
MARTHA E. COOPER, individually and d/b/a Taking Back America, and
TAKING BACK AMERICA, an unincorporated organization,

    Defendants.

## PRELIMINARY INJUNCTION ORDER

Upon motion by the Plaintiff United States of America, I hereby enter this preliminary injunction. In support of the same, I incorporate those findings of fact of fact and conclusions of law made on the record at the hearing held on October 30, 2003. In addition, I make the following supplemental findings of fact and conclusions of law.

### Standards for Preliminary Injunction

In order to obtain a preliminary injunction pursuant to 26 U.S.C. (Internal Revenue Code, I.R.C.) § 7408, the United States must show that (1) defendants either engaged in conduct subject to penalty under I.R.C. §§ 6700 or 6701; and (2) injunctive relief is appropriate to prevent the recurrence of such conduct. The Court may issue a preliminary injunction under I.R.C. § 7402 "as may be necessary or appropriate for the enforcement of the internal revenue laws." I.R.C. § 7402(a).



## Findings of Fact

Based on the evidence and arguments presented, I find as follows:

1. This Court has jurisdiction over the parties and subject matter of this case.

2. Defendants promote and sell an abusive tax shelter, referred to herein as the expatriation/repatriation program, that wrongfully purports to exempt participants from the nation's tax laws.

3. Customers who complete an "Expatriation/Repatriation Application and Services Agreement" and return it to Taking Back America, now known as The Ten Foundation ("TBA") receive an expatriation/repatriation document package that includes numerous forms that purport to remove the purchaser from the federal income tax system and the social security system. Paperwork sent to customers includes various declarations that are meant to be signed and forwarded to the IRS, the Supreme Court, the Social Security Administration and other government departments and agencies, notifying those entities that the signer is no longer a United States citizen and no longer subject to their jurisdiction or laws. The forms specifically request a return of all funds previously paid for federal taxes and social security.

4. In the expatriation/repatriation package, Defendants incite and assist their customers to file false documentation so that their employer will stop withholding taxes from the customer's paychecks.

5. According to Defendants, through use of the expatriation/repatriation program, a person can give up his "United States citizenship", but retain or reclaim his "American citizenship." According to Defendants, United States citizens, but not American citizens, are obligated to pay federal income tax. Thus, by use of the expatriation/repatriation device, a

-2-

US00238

person purportedly becomes exempt from federal taxation. The price charged by Defendants for the expatriation/repatriation program starts at $1,595.

6. As part of their promotion, Defendants also market and offer the use of sham trusts, called Unincorporated Business Trust Organizations (UBTOs), which Defendants claim gives a person the privileges of ownership of assets without the liabilities. These trusts are designed by Defendants for the sole purpose of sheltering or hiding income and assets from creditors. Customers are also advised to use fictional names on their trusts, to make them further judgment proof.

7. Defendants also sell to TBA members a product called the Barrister Course. This course, which was designed and implemented by Defendants Austin Gary Cooper and Martha E. Cooper (collectively "the Coopers"), purports to educate the purchaser on the Coopers' and TBA's philosophy and interpretation of the law. According to Defendants, a Law Barrister degree is bestowed upon successful completion of the course.

8. A distributorship system is used to promote and sell the abusive tax program. Distributors are participants in the expatriation/repatriation program who have executed distributor agreements with TBA. Potential customers are referred to their nearest distributor, who makes a commission from the program sales.

9. Defendants market their abusive tax program nationwide through seminars, regularly scheduled telephone conference calls, and the Internet, including live Internet shows. The most comprehensive version of their promotional materials and a description of the abusive program was at Defendant's website www.tbafoundation.com, now found at www.tenfoundation.com, www.guardingtheten.com, and www.paral.org.

10. As stated in TBA's web sites, "TBA takes a revolutionary, non-confrontational

-3-

US00239

approach by delivering a proven method of eliminating income tax permanently and removing yourself completely from the system without sacrificing the use of your social security number."

11. In promoting and explaining their program, Defendants have made the following false or fraudulent statements:

- If you are not a U.S. citizen, you are not obligated to pay income taxes.

- The expatriated/repatriated individual is no longer under the jurisdiction of the IRS.

- By expatriation/repatriation you are only giving up your U.S. citizenship, not your American Citizenship.

- The United States boundary is solely within the confines of Washington, D.C., and the United States government has power to legislate only within those confines.

- The expatriation/repatriation program allows persons to terminate all so-called contracts with the Federal Government, thereby relieving them of their income tax obligations.

- The IRS has no authority to examine a person's tax liabilities if the person has entered the expatriation/repatriation program.

- Defendant Austin Gary Cooper ("Mr. Cooper") has the only documented case where the government admitted the contracts that bind us to a voluntary income tax system. TBA has successfully proven these contracts to be fraudulent with the concurrence of the President of the U.S., Chief Justice Rehnquist of the U.S. Supreme Court, many of the State Chief Justices, many of the Governors of each States and the Commissioner of Internal Revenue.

12. Participation in Defendants' abusive program results in customers' failing to file federal income tax returns, failing to have the proper amount of federal income taxes withheld from wages, and failing to pay their federal tax liabilities. This results in irreparable harm to the United States. Defendants have substantially interfered with the administration and enforcement of the tax laws.

-4-

13. Mr. Cooper was convicted in 1990 under I.R.C. § 7201 for willfully attempting to evade or defeat the payment of federal income taxes by failing to file income tax returns, failing to pay income tax and by filing false employee's withholding allowance certificates. Cooper's position in the criminal case was similar to the one the defendants espouse in their abusive tax program chiefly, that an individual can renounce his citizenship and become-exempt from federal taxes.

14. Defendants' expatriation/repatriation program is frivolous and without merit. Defendants knew or should have known that their representations regarding the tax benefits of the program are false or fraudulent because (I) the premise of the program-that American citizens are exempt from the federal tax system-is baseless on its face, (2) there are numerous court decisions rejecting the defendants' representations, (3) Mr. Cooper's prior conviction for a federal income tax offense, and (4) Defendants hold themselves out as experts in the law.

### Conclusions of Law

Based on the evidence presented by the parties, I find that Defendants Austin Gary Cooper, Martha E. Cooper and Taking Back America are engaging in conduct in violation of I.R.C. § 6700 and that injunctive relief is appropriate to prevent the recurrence of that conduct. Accordingly, the Court finds that Defendants should be preliminarily enjoined under I.R.C. § 7408.

I find that a preliminary injunction is necessary or appropriate for the enforcement of the internal revenue laws. The United States and the public will suffer irreparable harm in the absence of this preliminary injunction and Defendants will suffer little, if any, harm if the preliminary injunction is granted. The United States has presented evidence and argument

US00241

sufficient to convince the Court that the United States has a high likelihood of success on the merits and that Defendants' position is frivolous. The public interest will be served by granting this injunction. Also, it is evident that Defendants will continue to violate I.R.C. § 6700 absent this injunction. Accordingly, I find that Defendants should also be preliminarily enjoined under I.R.C. § 7402.

### Order

Based on the foregoing factual findings and for good cause shown, IT IS HEREBY ORDERED that Defendants Austin Gary Cooper, Martha E. Cooper, Taking Back America, now known as The Ten Foundation, individually and doing business though their websites, www.tbafoundation.com, www.tenfoundation.com, wwww.guardingtheten.com, and www.paral.org, or any other entity, and their representative, agents, servants, employees, attorneys, and those persons in active concert or participation with them, including their distributors, who receive actual notice of this Order, are enjoined from:

(1) Organizing, promoting, marketing, or selling any abusive tax shelter, plan or arrangement that advises or encourages taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including the expatriation/repatriation program;

(2) Making false statements about the securing of any tax benefit by the reason of participating in their program, including the false statement that American citizens are not required to pay federal income tax;

(3) Encouraging, instructing, advising and assisting others to violate the tax laws, including to evade the payment of taxes;

(4) Engaging in conduct subject to penalty under I.R.C. § 6700, *i.e.*, by making or furnishing, in connection with the organization or sale of an abusive shelter, plan, or arrangement, a statement the defendants know or have reason to know to be false or fraudulent as to any material matter;

(5) Engaging in any conduct that interferes with the administration and

-6-

US00242

enforcement of the internal revenue laws by the Internal Revenue Service.

Further, IT IS HEREBY ORDERED that Defendants provide to the United States their complete customer list identifying the persons who have purchased (either directly from them or from their associates, distributors or related entities) their abusive tax plans, arrangements or programs. The Coopers must each file a sworn certificate of compliance, each swearing that he/she has complied with this portion of the Order, within 10 days of the date of this Order.

Further, IT IS HEREBY ORDERED that Defendants to provide a copy of this Preliminary Injunction Order by First Class Mail (or by e-mail, if an address is unknown) to all individuals who have previously purchased their abusive tax shelters, plans, arrangements or programs, including the expatriation/repatriation program. Defendants will bear the costs of providing the copy of the Preliminary Injunction Order to their customers. The Coopers must each file a sworn certificate of compliance, each swearing that he/she has complied with this portion of the Order, within 10 days of the date of this Order.

Finally, IT IS HEREBY ORDERED that Defendants and their representative, agents, servants, employees, attorneys, and those persons in active concert or participation with them, including their distributors: (1) to remove from their websites, including www.tbafoundation.com, www.tenfoundation.com, wwww.guardingtheten.com, and www.paral.org, all abusive tax scheme promotional materials, false commercial speech, and materials designed to incite others imminently to violate the law (including the tax laws); (2) to display prominently on the first page of those websites a complete copy of this Preliminary Injunction Order within 10 days of the date of this Order; and (3) to maintain the purged websites, with the Preliminary Injunction Order prominently displayed, until such time as this

-7-

US00243

Court orders otherwise. Defendants shall bear the costs associated with posting the Court's order and maintaining the websites during this period. The Coopers must each file a sworn certificate of compliance, each swearing that he/she has complied with this portion of the Order, within 10 days of the date of this Order.

Dated: October 30, 2003 in Denver, Colorado.

BY THE COURT:

*[signature]*

LEWIS T. BABCOCK, CHIEF JUDGE

-8-

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**CERTIFICATE OF SERVICE**

Civil Case No. 03-B-1127 (PAC)

The undersigned certifies that a copy of the foregoing Preliminary Injunction Order was served on 10-31, 2003, by:

() delivery to:

(X) depositing the same in the United States Mail, postage prepaid, addressed to:

Martin M. Shoemaker
Trial Attorney, Tax Division
U. S. Department of Justice
P. O. Box 7238
555 4th Street, N.W., Room 8921
Washington, DC 20044

Austin Gary Cooper
Martha E. Cooper
861 West County Road 66E
Fort Collins, CO 80524

Taking Back America
295 East 29th Street, #240
Loveland, CO 80538

Geneva D. Mattei
Deputy Clerk