FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2003 JUN 19  AH 8: 08

GREGORY C. LAHGHAM
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **03-B-1127 (PAC)**

UNITED STATES OF AMERICA,

Plaintiff,

v.

AUSTIN GARY COOPER, individually and d/b/a Taking Back America;
MARTHA E. COOPER, individually and d/b/a Taking Back America;
TAKING BACK AMERICA, an unincorporated organization.

Defendants.

---

## COMPLAINT FOR PERMANENT INJUNCTION
### AND OTHER RELIEF

---

The United States of America, plaintiff, for its Complaint against the defendants, Austin Gary

Cooper, Martha E. Cooper and Taking Back America ("TBA"), states as follows.

### Nature of Action

1. The United States is bringing this complaint to enjoin Austin Gary Cooper, Martha E.

Cooper and TBA, individually and doing business as or through any other entity, and any other person

in active concert or participation with them, from directly or indirectly:

    (a)    Organizing, promoting, marketing, or selling any abusive tax shelter, plan or
arrangement that advises or encourages customers to attempt to violate the internal
revenue laws or unlawfully evade the assessment or collection of their federal tax
liabilities;

GOVERNMENT
EXHIBIT
3

(b)     Making false statements about the securing of any tax benefit by the reason of participating in their program, including the false statement that American citizens are not required to pay federal income tax;

(c)     Encouraging, instructing, advising and assisting others to violate the tax laws, including to evade the payment of taxes;

(e)     Engaging in conduct subject to penalty under I.R.C. § 6700, *i.e.*, by making or furnishing, in connection with the organization or sale of an abusive shelter, plan, or arrangement, a statement the defendants know or have reason to know to be false or fraudulent as to any material matter;

(f)     Engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws by the Internal Revenue Service.

2.    An injunction is warranted based on the defendants' continuing conduct as promoters of an abusive tax plan.  If not enjoined, the defendants' continuing actions will result in the Internal Revenue Service having to devote countless hours to attempt to locate and investigate the defendants' customers, who by participation in the defendants' scheme have stopped filing federal income tax returns and ceased paying their federal income taxes.  The defendants' actions may result in the Internal Revenue Service imposing penalties and other civil and criminal sanctions on those customers:

## Jurisdiction and Venue

3.    Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345, and §§ 7402(a) and 7408 of the Internal Revenue Code of 1986 (26 U.S.C.; "I.R.C.").

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## Authorization

5.    This action has been requested by the Chief Counsel of the Internal Revenue Service, a

-2-

delegate of the Secretary of Treasury, and commenced at the direction of a delegate of the Attorney General of the United States, pursuant to I.R.C. §§ 7402 and 7408.

### Defendants

6.   Austin Gary Cooper resides at 861 West County Road 66E, Fort Collins, Colorado 80524.  Mr. Cooper is a creator and founder of defendant TBA, and is the husband of Martha E. Cooper.

7.   Martha E. Cooper resides at 861 West County Road 66E, Fort Collins, Colorado 80524. Mrs. Cooper is a creator and founder of defendant TBA, and is the wife of Austin Gary Cooper.  On TBA's website, Mrs. Cooper is listed as "Trustee/Financial Officer and Seminar Coordinator" and has purportedly spent 20 years running successful businesses.

8.   TBA is an unincorporated organization with its main office located at 295 East 29th Street, Loveland, Colorado.

### Defendants' Activities

9.   The defendants promote and sell an abusive tax shelter, referred to herein as the expatriation/repatriation program, that purports to exempt participants from the nation's tax laws.

10.   Customers who complete an "Expatriation/Repatriation Application and Services Agreement" and return it to TBA receive an expatriation/repatriation document package that includes numerous forms that purport to remove the purchaser from the federal income tax system and the social security system.  Paperwork sent to customers includes various declarations that are meant to be signed and forwarded to the IRS, the Supreme Court, the Social Security Administration and other

-3-

government departments and agencies, notifying those entities that the signer is no longer a United States citizen and no longer subject to their jurisdiction or laws. The forms specifically request a return of all funds previously paid for federal taxes and social security.

11. In the expatriation/repatriation package, the defendants incite and assist their customers to file false IRS W-4 Forms (Employee's Withholding Allowance Certificate) and W-8 Forms (Certificate of Foreign Status) so that the employer will stop withholding taxes from the customer's paychecks.

12. According to the defendants, through use of the expatriation/repatriation program, a person can give up his "United States citizenship", but retain or reclaim his "American citizenship." According to the defendants, United States citizens, but not American citizens, are obligated to pay federal income tax. Thus, by use of the expatriation/repatriation device, a person purportedly becomes exempt from federal taxation.

13. The price charged by the defendants for the expatriation/repatriation program starts at $1,595.

14. As part of their promotion, the defendants also market and offer the use of Unincorporated Business Trust Organizations (UBTOs), which defendants claim gives a person the privileges of ownership without the liabilities. UBTOs are nothing more than sham trusts designed by the defendants for the sole purpose of sheltering or hiding income and assets from creditors. Customers are also advised to use fictional names on their trusts, to make them further judgment proof. The cost of the trust package is $1,595, plus notary services of $100 and an annual trustee fee of $295.

15. Defendants also sell to TBA members a product called the Barrister Course. This course,

-4-

which was designed and implemented by the Coopers, purports to educate the purchaser on the Coopers' and TBA's philosophy and interpretation of the law. According to the defendants, a Law Barrister degree is bestowed upon successful completion of the course  The course costs $2,400.

16.  The defendants use a distributorship system to promote and sell their abusive tax program. Distributors are participants in the expatriation/repatriation program who have executed distributor agreements with TBA. Potential customers are referred to their nearest distributor, who makes a commission from the program sales.

17.  The defendants market their abusive tax program nationwide through seminars, regularly scheduled telephone conference calls, and the Internet, including live Internet shows. The most comprehensive version of their promotional materials and a description of the abusive program is at the defendants' website, www.tbafoundation.com.

18.  As stated in TBA's website, "TBA takes a revolutionary, non-confrontational approach by delivering a proven method of eliminating income tax permanently and removing yourself completely from the system without sacrificing the use of your social security number."

19.  In promoting and explaining their scheme, defendants have made the following false or fraudulent statements:

  • If you are not a U.S. citizen, you are not obligated to pay income taxes.

  • The expatriated/repatriated individual is no longer under the jurisdiction of the IRS.

  • By expatriation/repatriation you are only giving up your U.S. citizenship, not your American Citizenship.

  • The United States boundary is solely within the confines of Washington, D.C., and the

-5-

United States government has power to legislate only within those confines.

- The expatriation/repatriation program allows persons to terminate all so-called contracts with the Federal Government, thereby relieving them of their income tax obligations.

- The IRS has no authority to examine a person's tax liabilities if the person has entered the expatriation/repatriation program.

- Cooper has the only documented case where the government admitted the contracts that bind us to a voluntary income tax system. TBA has successfully proven these contracts to be fraudulent with the concurrence of the President of the U.S., Chief Justice Rehnquist of the U.S. Supreme Court, many of the State Chief Justices, many of the Governors of each States and the Commissioner of Internal Revenue.

20. The defendants' promotional materials provide "testimonials" in order to induce customers to purchase the defendants' tax evasion schemes. Statements in the testimonials include:

- By renouncing the inferior US citizenship and reclaiming American Citizenship, we set ourselves free again. A side benefit is that we are removed from the jurisdiction of the fraudulent IRS. -- Janis G, Missouri

- In 2001 I learned of TBA, joined right away, filed my paper work and served this to the IRS. The tax lien was removed and the last letter from the IRS was, "Sorry for any inconvenience this office may have caused you." -- Dale R, Florida

- After 25 years of pursuing Tax Freedom, I finally found the solution. -- Ken H, North Carolina

- Taking Back America is a wonderful opportunity to free yourself from a "voluntary" tax system known as Income Tax. By getting involved you can help others do the same and help your country as the same time. I am so thankful to TBA for the positive impact they have made in my life, thanks TBA. -- Michael N, Virginia

- I have briefly studied the Federal Reserve and the fraudulent collection of federal and state income tax on and off for the past five years. Quite frankly, I was too afraid to exercise my rights to withdraw from the system with the methods available -- too confrontational. With TBA, we can educate ourselves and by working together, eradicate that fear. TBA has an easy-to-understand, proven method of

-6-

Expatriation/Repatriation that does work. Many thanks to Gary Cooper for making this program available to us. -- Dick L, Georgia

21. Participation in the defendants' abusive program results in customers' failing to file federal income tax returns, failing to have the proper amount of federal income taxes withheld from wages, and failing to pay their federal tax liabilities.

22. On TBA's website, www.tbafoundation.com, Mr. Cooper is described as a "self-taught, non-union Barrister at Law" who "give[s] legal advice and advice in the law," and who has distinguished himself as a "Law Barrister and Lawyer." According to the website, Cooper's "title 'Barrister' comes from years of deciphering and decoding the web of statutes and the law."

23. Mr. Cooper was convicted in 1990 under I.R.C. § 7201 for willfully attempting to evade or defeat the payment of federal income taxes by failing to file income tax returns, failing to pay income tax and by filing false employee's withholding allowance certificates. (*United States v. Cooper*, Case No. 89-109-CR-WMH, S.D. Fla.) Cooper's position in the criminal case was similar to the one the defendants espouse in their abusive tax program--chiefly, that an individual can renounce his citizenship and become exempt from federal taxes.

### Count I
### Injunction under I.R.C. § 7408 for violations of I.R.C. § 6700

24. The United States incorporates by reference the allegations contained in paragraphs 1 through 23.

25. I.R.C. § 7408 authorizes a court to enjoin persons who have engaged in conduct subject to penalty under I.R.C. § 6700 from engaging in further such conduct.

-7-

US00008

26.  I.R.C. § 6700 imposes a penalty on any person who organizes or sells a plan or arrangement and in so doing makes a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by participating in the plan or arrangement that the person knows or has reason to know is false or fraudulent as to any material matter.

27.  Defendants organize and sell abusive tax schemes.  In organizing and selling their abusive tax schemes, defendants make statements regarding the tax benefits associated with participation in the scheme that they know are false or fraudulent as to material matters within the meaning of I.R.C. § 6700.

28.  Defendants have persisted in promoting their fraudulent tax scheme after being advised that their conduct was subject to penalty under I.R.C. § 6700, and subject to injunction under I.R.C. § 7408.

29.  Unless enjoined by this Court, the defendants are likely to continue to organize and sell their abusive tax schemes.

## Count II
## Injunction under I.R.C. § 7402

30.  The United States incorporates by reference the allegations contained in paragraphs 1 through 29.

31.  I.R.C. § 7402 authorizes Courts to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws.

32.  Defendants, through the actions described above, have engaged in conduct that interferes

-8-

substantially with the administration and enforcement of the internal revenue laws.

33.  Defendants' conduct results in irreparable harm to the United States and the United States has no adequate remedy at law.  Defendants' conduct is causing and will continue to cause substantial revenue losses to the United States Treasury, much of which may be unrecoverable.

34.  Unless defendants are enjoined, the IRS will have to devote substantial time and resources to identify and locate their customers, and then construct and examine those persons' tax returns and liabilities.  The burden of pursuing individual customers may be an insurmountable obstacle, given the IRS's limited resources.

35.  If defendants are not enjoined, they likely will continue to engage in conduct that obstructs and interferes with the enforcement of the internal revenue laws.

### Relief Sought

WHEREFORE, the United States prays for the following relief:

A.  That the Court find that each of the defendants has engaged in conduct subject to penalty under I.R.C. § 6700, and that injunctive relief is appropriate under I.R.C. § 7408 to prevent the defendants, and any business or entity through which they operate, and anyone acting in concert with them, from engaging in further such conduct;

B.  That the Court find that each of the defendants has engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief against the defendants, and any business or entity through which they operate, and anyone acting in concert with them, is appropriate to prevent the recurrence of that conduct pursuant to the Court's powers under I.R.C. § 7402(a);

-9-

US00010

C.  That the Court, pursuant to I.R.C. §§ 7402 and 7408, enter a permanent injunction prohibiting the defendants, individually and doing business through their web site www.tbafoundation.com, or any other entity, and their representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with them, including their distributors, from directly or indirectly:

   (1)   Organizing, promoting, marketing, or selling any abusive tax shelter, plan or arrangement that advises or encourages taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities;

   (2)   Making false statements about the securing of any tax benefit by the reason of participating in their program, including the false statement that American citizens are not required to pay federal income tax;

   (3)   Encouraging, instructing, advising and assisting others to violate the tax laws, including to evade the payment of taxes;

   (4)   Engaging in conduct subject to penalty under I.R.C. § 6700, *i.e.*, by making or furnishing, in connection with the organization or sale of an abusive shelter, plan, or arrangement, a statement the defendants know or have reason to know to be false or fraudulent as to any material matter;

   (5)   Engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws by the Internal Revenue Service.

D.  That this Court, pursuant to I.R.C. § 7402, enter an injunction requiring defendants to produce to the United States any records in their possession or control, or to which they have access, identifying the persons who have purchased their abusive tax plans, arrangements or programs (purchased directly from them or from their associates, distributors or related entities);

E.  That this Court, pursuant to I.R.C. § 7402, enter an injunction requiring defendants to

-10-

contact by mail (or by e-mail, if an address is unknown) all individuals who have previously purchased

their abusive tax shelters, plans, arrangements or programs, including the expatriation/repatriation

program, UBTOs, the Barrister Course, or any other tax shelter, plan or program in which defendants

have been involved either individually or through Taking Back America, and inform those individuals of

the Court's findings concerning the falsity of the defendants' prior representations and attach a copy of

the permanent injunction against the defendants and their associates and related entities, and to file with

the Court, within 30 days of the date the permanent injunction is entered, a certification that they have

done so;

F.  That this Court, pursuant to I.R.C. § 7402, enter an injunction requiring defendants and their

representative, agents, servants, employees, attorneys, and those persons in active concert or

participation with them, including their distributors, to remove from their websites, including

www.tbafoundation.com, all abusive tax scheme promotional materials, false commercial speech, and

materials designed to incite others imminently to violate the law (including the tax laws), to display

prominently on the first page of those websites a complete copy of the Court's permanent injunction,

and to maintain the web sites for one year with a complete copy of the Court's permanent injunction so

displayed throughout that time;

G.  That this Court order that the United States is permitted to engage in post-judgment

discovery to ensure compliance with the permanent injunction;

~~H.  That this Court retain jurisdiction over this action for purposes of implementing and~~

enforcing the final judgment and any additional orders necessary and appropriate to the public interest;

-11-

and

I. For such other and further relief as this Court may deem proper and just.

Respectfully submitted,

JOHN W. SUTHERS
United States Attorney

MARTIN M. SHOEMAKER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
555 4th St., N.W., Room 8921
Washington, D.C. 20044
Telephone: (202) 514-6491
Fax: (202) 514-6770

-12-

US00013

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 2 2003

GREGORY C. LANGHAM
CLERK

Civil Case No.  03-B-1127 (PAC)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AUSTIN GARY COOPER, individually and d/b/a Taking Back America;
MARTHA E. COOPER, individually and d/b/a Taking Back America; and
TAKING BACK AMERICA, an unincorporated organization,

    Defendants.

_____

## ORDER
_____

    Upon the United States' motion for entry of preliminary injunction or, alternatively,

request for hearing,

    IT IS ORDERED that a hearing on the motion for entry of preliminary injunction is

set on **Thursday, October 30, 2003 at 1:30 p.m.** in Courtroom 1, 901 19th Street, Denver,

Colorado.

BY THE COURT:

Lewis T. Babcock, Chief Judge

Dated:  September 12, 2003



GOVERNMENT
EXHIBIT
4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**CERTIFICATE OF SERVICE**

Civil Case No. 03-B-1127 (PAC)

The undersigned certifies that a copy of the foregoing _Order_ was

served on 9-12, 2003, by:

( ) delivery to:

(X) depositing the same in the United States Mail, postage prepaid, addressed
to:

Martin M. Shoemaker
Trial Attorney, Tax Division
U. S. Department of Justice
P. O. Box 7238
555 4th Street, N.W., Room 8921
Washington, DC 20044

Austin Gary Cooper
Martha E. Cooper
861 West County Road 66E
Fort Collins, CO 80524

Taking Back America
295 East 29th Street, #240
Loveland, CO 80538

_____
Deputy Clerk

US00195



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

### CHIEF JUDGE LEWIS T. BABCOCK

| Courtroom Deputy: | Deborah Hansen | Date:  October 30, 2003 |
|---|---|---|
| Court Reporter: | Gwen Daniel | |

| Case No.   03-B-1127 (PAC) | Counsel: |
|---|---|
| UNITED STATES OF AMERICA, | Martin Shoemaker |
| Plaintiff, | |
| v. | |
| AUSTIN GARY COOPER, et al., | no appearances |
| Defendant. | |

## COURTROOM MINUTES

### HEARING ON MOTION FOR PRELIMINARY INJUNCTION

01:44 p.m.    Court in Session

Court's comments

The matter is before the Court for hearing upon the plaintiff's motion for a preliminary injunction.  The matter was scheduled by order entered on September 12, 2003, served upon defendants by mail at their respective addresses, setting a hearing for today at 1:30 p.m.  The time is 1:45.  The defendants do not appear in person and have filed no viable response to the plaintiff's motion.

The government submits the motion on the papers filed.

The Court enters upon the record findings and conclusions

Mr. Montgomery's comments

1

GOVERNMENT
EXHIBIT
5

03-B-1127 (PAC)                                                    October 30, 2003

Mr. Montgomery's further comments that the Defendant Taking Back America has
changed its name within the last month or so.

**GOVERNMENT'S WITNESS DENNIS MONTGOMERY (sworn)**
02:03  Direct (by Mr. Shoemaker)

02:07  Court

02:09  Direct continued

Court's further comments

Based upon the findings and conclusions, the Court will issue the preliminary injunction.

02:15 p.m.     Court in Recess

2

US00247

NOV-21-2003  09:01          Clerks Office U.S.D.C.                                    P.02

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 20 2003

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-B-1127 (PAC)

UNITED STATES OF AMERICA,

Plaintiff,

v.

AUSTIN GARY COOPER, individually and d/b/a Taking Back America;
MARTHA E. COOPER, individually and d/b/a Taking Back America;
TAKING BACK AMERICA, an unincorporated organization,

Defendants.

## PERMANENT INJUNCTION ORDER

This action comes before the Court upon the entry of default by the clerk on November 3,
2003, and the Plaintiff's motion for entry of judgment against each of the Defendants under Fed. R. Civ.
P. 55(b)(2), supported by a memorandum of law and a declaration demonstrating that none of
Defendants is an infant or incompetent person or in the military.  Accordingly, judgment is hereby
entered in favor of the Plaintiff, United States of America, and against Defendants Austin Gary Cooper,
Martha E. Cooper and Taking Back America (now known as The Ten Foundation).

The Court finds that Defendants engaged in conduct subject to penalty under 26 U.S.C. §
6700, and that injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent the Defendants and
anyone acting in concert with them from engaging in further such conduct.  The Court further finds that

GOVERNMENT
EXHIBIT
6

29

US00261

the Defendants engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate pursuant to the Court's inherent equity powers and 26 U.S.C. § 7402(a) to prevent the recurrence of that conduct.

Based on the foregoing and the record in this case, including the Plaintiff's motion for preliminary injunction and supporting documents, the evidence presented at the hearing on that motion, and the Court's Preliminary Injunction Order, and for good cause shown, IT IS HEREBY ORDERED that Defendants Austin Gary Cooper, Martha E. Cooper, Taking Back America, now known as The Ten Foundation, individually and doing business though their websites, www.tbafoundation.com, www.tenfoundation.com, www.guardingthetax.com, and www.pgral.org, or any other entity, and their representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with them, including their distributors, who receive actual notice of this Order, are enjoined from:

(1) Organizing, promoting, marketing, or selling any abusive tax shelter, plan or arrangement that advises or encourages taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including the expatriation/repatriation program;

(2) Making false statements about the securing of any tax benefit by the reason of participating in their program, including the false statement that American citizens are not required to pay federal income tax;

(3) Encouraging, instructing, advising and assisting others to violate the tax laws, including to evade the payment of taxes;

(4) Engaging in conduct subject to penalty under I.R.C. § 6700, i.e., by making or furnishing, in connection with the organization or sale of an abusive shelter, plan, or arrangement, a statement the defendants know or have reason to know to be false or fraudulent as to any

-2-

material matter;

(5)  Engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws by the Internal Revenue Service.

Further, IT IS HEREBY ORDERED that Defendants provide to the United States their complete customer list identifying the persons who have purchased (either directly from them or from their associates, distributors or related entities) their abusive tax plans, arrangements or programs.  The Coopers must each file a sworn certificate of compliance, each swearing that he/she has complied with this portion of the Order, within 10 days of the date of this Order.

Further, IT IS HEREBY ORDERED that Defendants provide a copy of this Permanent Injunction Order by First Class Mail (or by e-mail, if an address is unknown) to all individuals who have previously purchased their abusive tax shelters, plans, arrangements or programs, including the expatriation/repatriation program.  Defendants will bear the costs of providing the copy of the Permanent Injunction Order to their customers.  The Coopers must each file a sworn certificate of compliance, each swearing that he/she has complied with this portion of the Order, within 10 days of the date of this Order.

Further, IT IS HEREBY ORDERED that Defendants and their representative, agents, servants, employees, attorneys, and those persons in active concert or participation with them, including their distributors:  (1) to remove from their websites, including www.tbafoundation.com, www.tenfoundation.com, www.guardingtheten.com, and www.paral.org, all abusive tax scheme promotional materials, false commercial speech, and materials designed to incite others imminently to

-3-

NOV-21-2003  09:02          C...ke Office U.S.D.C.

P. 06

violate the law (including the tax laws); (2) to display prominently on the first page of those websites a complete copy of this Permanent Injunction Order within 10 days of the date of this Order; and (3) to maintain the purged websites, with the Permanent Injunction Order prominently displayed, until such time as this Court orders otherwise. Defendants shall bear the costs associated with posting the Court's order and maintaining the websites during this period. The Coopers must each file a sworn certificate of compliance, each swearing that he/she has complied with this portion of the Order, within 10 days of the date of this Order.

Further, IT IS HEREBY ORDERED that the United States is permitted to engage in post-judgment discovery to ensure compliance with the Permanent Injunction Order.

Finally, IT IS HEREBY ORDER that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing the Permanent Injunction Order and any additional orders necessary and appropriate to the public interest.

Dated: _Nov 19, 2003_

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE

-4-