IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-00305-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  AUSTIN GARY COOPER,

    Defendant.

---

GOVERNMENT'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL

---

    The United States of America, by and through Trial Attorney Jared E. Dwyer, hereby responds to the Motion to Withdraw as Counsel.

    As grounds:

    1.  On or about May 24, 2006, the Government filed a one-count information charging Austin Gary Cooper and Martha E. Cooper with criminal contempt in violation of 18 U.S.C. § 401(3)

    2.  On or about August 8, 2006, Austin Gary Cooper appeared before Magistrate Judge Shaffer for arraignment.  At that hearing, Magistrate Judge Shaffer determined that Austin Gary Cooper had not clearly and unequivocally informed the Court of his intention to represent himself, as required by law.  Accordingly, Magistrate Judge Shaffer ordered that counsel be appointed for Austin Gary Cooper.  Magistrate Judge Shaffer thereafter reset the arraignment for August 11, 2006.

3.  On or about August 9, 2006, Peter D. Menges was appointed as counsel for defendant Cooper.

4.  On or about August 11, 2006, defendant Cooper and his counsel, Peter D. Menges, appeared before the Court for the purposes of arraignment.  At that time, a plea of Not Guilty was entered.

5.  On or about August 24, 2006, defense counsel filed a motion to withdraw as counsel for defendant Cooper.

6.  Defense counsel presents two reasons for his motion to withdraw: (1) defendant Cooper desires to represent himself; and (2) defendant Cooper claims that his representation by Attorney Menges presents a conflict of interest due to Attorney Menges' apparent entry of a guilty plea on defendant's behalf.

7.  Because defendant Cooper has a constitutional right to self-representation, see Faretta v. California, 422 U.S. 806, 834-36, government cannot and will not object to defendant's self-representation, provided defendant Cooper can satisfy the four requirements to properly invoke his right to self-representation, see United States v. Tucker, 451 F.3d 1176, 1180 (10th Cir. 2006).

8.  In order to properly invoke the right to self-representation, four requirements must be met:

> [ (1)] defendant must clearly and unequivocally inform the district court of his intention to represent himself[; (2)] the request must be timely and not for the purpose of delay[; (3)] the court must conduct a comprehensive formal inquiry to ensure that the defendant's waiver of the right to counsel is knowingly and intelligently made[; and (4)] the defendant must be able and willing to abide by rules of procedure and courtroom protocol.

<u>United States v. Tucker</u>, 451 F.3d 1176, 1180 (10th Cir. 2006) (internal citations and quotations omitted). .

9.  Magistrate Judge Shaffer has previously concluded that defendant Cooper had not properly invoked his right to self-representation because defendant Cooper had not clearly and unequivocally informed the court of his desire to do so.  Accordingly, the government reserves its right to object to defendant Cooper representing himself, particularly if he fails to make it clear to the court that he desires to represent himself or if he fails to state that he will abide by the rules of procedure and courtroom protocol. <u>See</u> <u>United States v. Smith</u>, 413 F.3d 1253, 1280-1281 (10th Cir. 2006) (trial court did not improperly deny defendant's request to self representation where record indicated that defendant did not appear willing to abide by rules of procedure and courtroom protocol).

10.  Further, to the extent that the court does grant defendant Cooper's request to represent himself, the government requests that the court appoint stand-by counsel to aid in defendant Cooper's defense.  Standby counsel will provide defendant Cooper with easier access to legal resources and instruction and information relating to rules of procedure and courtroom protocol.

11.  Finally, with regard to the issue of a potential conflict of interest, the government cannot – at this time – take a position.  There is insufficient evidence in the instant motion to determine if the purported conflict of interest is sufficient to require the appointment of new counsel or whether the risk of conflict is too remote to require new counsel.  Therefore the government respectfully reserves its right to address this issue at the motions hearing date after a more complete record is established.

WHEREFORE, for the reasons articulated above, the United States reserves its right to address the issues raised by the Motion to Withdraw at the hearing set for September 19, 2006.

Respectfully submitted,

WILLIAM J. LEONE
United States Attorney

By: s/ *Jared E. Dwyer*
JARED E. DWYER
Trial Attorney
U.S. Dept. of Justice
Tax Division
601 D Street, N.W.
Washington, D.C. 20004
Telephone: 202-514-5189
FAX: 202-514-9623
E-mail: jared.e.dwyer@usdoj.gov
Attorney for Government

CERTIFICATE OF SERVICE

      I hereby certify that on this _29th__ day of August 2006, I electronically filed the foregoing GOVERNMENT'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

      Peter D. Menges, Esq.
      pmenges@mengeslaw.com

      *s/ Jared E. Dwyer*
      JARED E. DWYER
      Trial Attorney
      U.S. Dept. of Justice
      Tax Division
      601 D Street, N.W.
      Washington, D.C. 20004
      Telephone: 202-514-5189
      FAX: 202-514-9623
      E-mail: jared.e.dwyer@usdoj.gov
      Attorney for Government