IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 06-cr-00305-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

AUSTIN COOPER,

      Defendant.

ORDER GRANTING UNOPPOSED MOTION TO VACATE
TRIAL PREPARATION CONFERENCE AND JURY TRIAL DATES

**Blackburn, J.**

The matter before me is defendant's **Unopposed Motion to Vacate Trial Preparation Conference and Jury Trial Dates** [#46], filed August 29, 2006. The motion is granted.

Defendant's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h) which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (8)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the

      defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." ***United States v. Hill,*** 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); ***United States v. Lugo***, 170 F.3d 996, 10001 (10th Cir.1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" ***Hill***, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section 3161(h)(8)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in section 3161(h)(8)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the

2

>> arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id*., § 3161(h)(8)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'"  *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'"  *Id*. (quoting *Doran*, 882 F.2d at 1516).

The averments of fact alleged by defendant in his motion have been essentially confessed by the government.  Thus, those foundational and predicate facts are deemed established.  This matter is currently set for a Trial Preparation Conference on September 19, 2006, and a jury trial to commence on October 3, 2006.  However, defense counsel's pending motion to withdraw in this matter also is set for hearing on

3

September 19.  If that motion is granted, present counsel obviously cannot make any representations about replacement counsel's availability or readiness to proceed to trial on the currently scheduled date.  If the motion is not granted, defense counsel is already scheduled to appear in an older, eight-week jury trial before the Honorable Marcia S. Krieger on October 3, 2006.

Based on these agreed facts, I find that it would be unreasonable to expect adequate preparation by defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  I have considered the factors which I must under 18 U.S.C. § 3161(h)(8)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(8)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.  Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time initially prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(8)(B)(i);

(2) That even considering due diligence, failure to grant the motion would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv); and

(3) That therefore the ends of justice served by granting the motion outweigh the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(8)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Unopposed Motion to Vacate Trial Preparation**

4

**Conference and Jury Trial Dates** [#46], filed August 29, 2006, is **GRANTED**;

2.  That the Trial Preparation Conference, currently scheduled for September 19, 2006, as well as the jury trial, currently scheduled to commence on October 3, 2006, are **VACATED** and **CONTINUED WITHOUT DATE**; and

3.  That the court will reset the Trial Preparation Conference and trial at the conclusion of the hearing on defendant's motion to withdraw on September 19, 2006.

Dated September 5, 2006, at Denver, Colorado.

          **BY THE COURT:**

          **s/ Robert E. Blackburn**
          **Robert E. Blackburn**
          **United States District Judge**