IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-00305-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  AUSTIN GARY COOPER,

    Defendant.

---

GOVERNMENT'S UNOPPOSED MOTION TO DETERMINE WHETHER TRIAL
IS BY JURY OR TO THE COURT

---

    The United States of America, by and through Trial Attorney Jared E. Dwyer, hereby moves to determine whether trial in this matter shall be by jury or to the court.

    As grounds for this motion the government states as follows:

    1.  On May 24, 2006, the government filed a one-count information charging Austin Gary Cooper and Martha E. Cooper with criminal contempt in violation of 18 U.S.C. § 401(3).

    2.  On July 31, 2006 defendant Austin Gary Cooper made his first appearance in the District of Colorado in connection with this matter before United States Magistrate Judge Michael E. Hegarty.

    3.  Trial in this matter is set for October 24, 2006.

    4.  A defendant is only entitled to a jury in a criminal contempt proceeding where the contempt is considered serious as opposed to petty.  See Frank v. United States,

395 U.S. 147, 149.  There is no statutory maximum penalty for contempt, thus a court must look at the <u>actual</u> sentence imposed to determine whether a contempt is petty or serious and thus whether there is a right to a jury trial.  See <u>Frank v. United States</u>, 395 U.S. 147, 149 (1969).  If the actual sentence is six months or less, the contempt is a petty offense and there is no right to a jury.  See <u>Frank v. United States</u>, 395 U.S. 147, 150 (1969).  Conversely, if the actual sentence is greater than six months, the contempt is a serious offense and a defendant is entitled to a jury.  See <u>Frank v. United States</u>, 395 U.S. 147, 150 (1969).

     5.  Thus, to determine whether a defendant is entitled to a jury, a court must determine whether the defendant will actually be sentenced to at least more than six months imprisonment upon conviction.  The Tenth Circuit has approved of a trial court's pretrial determination of the sentence range and thus whether a defendant has a right to trial by jury.  See <u>United States v. Bencheck</u>, 926 F.2d 1512, 1519 (10th Cir. 1991) (abrogated on other grounds).

     6.  At this stage, the government will not seek a sentence of greater than six months if the defendant is convicted.  In addition, government counsel has spoken with defense counsel, and defense counsel indicates that he would not object to a trial by the Court.

     7.  Nevertheless, there is no statutory maximum term of imprisonment for criminal contempt and the severity of the sentence is a matter entirely within the Court's discretion.  See <u>United States v. Patrick</u>, 542 F.2d 381, 392 (7th Cir. 1976) (noting that there is no statutory maximum for contempt and "severity of sentence to be imposed is within the sound discretion of the court").  Accordingly, by filing this motion, the parties

wish only to highlight the issue to the court and do not attempt to otherwise infringe on the Court's discretion regarding sentencing.

      8. Therefore, based on all of the above, the government requests that the court determine whether this matter shall be a jury trial or a trial to the court.

      Respectfully submitted,

      TROY A. EID
      United States Attorney

      By: s/ *Jared E. Dwyer*
      JARED E. DWYER
      Trial Attorney
      U.S. Dept. of Justice
      Tax Division
      601 D Street, N.W.
      Washington, D.C. 20004
      Telephone: 202-514-5189
      FAX: 202-514-9623
      E-mail: jared.e.dwyer@usdoj.gov
      Attorney for Government

CERTIFICATE OF SERVICE

     I hereby certify that on this _5th__ day of October 2006, I electronically filed the foregoing GOVERNMENT'S UNOPPOSED MOTION TO DETERMINE WHETHER TRIAL IS BY JURY OR TO THE COURT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

     Thomas Francis Mulvahill, Esq.
     Tmulvahil@ccdzlaw.com

     *s/ Jared E. Dwyer*
     JARED E. DWYER
     Trial Attorney
     U.S. Dept. of Justice
     Tax Division
     601 D Street, N.W.
     Washington, D.C. 20004
     Telephone: 202-514-5189
     FAX: 202-514-9623
     E-mail: jared.e.dwyer@usdoj.gov
     Attorney for Government