IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-00305-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  AUSTIN GARY COOPER,

    Defendant.

---

## GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE

---

The United States of America, by and through Trial Attorney Jared E. Dwyer, hereby gives notice to introduce evidence.

As grounds:

1.  On or about May 24, 2006, the government filed a one-count information charging Austin Gary Cooper and Martha E. Cooper with criminal contempt in violation of 18 U.S.C. § 401(3).  The alleged contempt arises out of the defendants' failure to comply with a permanent injunction order.

2.  The trial of Austin Gary Cooper is scheduled for an October 24, 2006.

3.  In the trial of this matter, the government intends to present the following evidence:

    a.    The defendant charged the Federal District Court Judge presiding over the civil injunction matter with treason and conspiracy.

    b.  The defendant referred to the Federal District Court Judge presiding over the civil injunction matter as a "Nazi Bastard".

    c.  The defendant accused the Federal District Court Judge presiding over the civil injunction matter of receiving a bribe from the Internal Revenue Service.

    e.  In his dealings with the Federal District Court Judge presiding over the civil injunction matter the defendant was discourteous, obstructionist, and otherwise not civil.

    f.  Defendant Cooper talked over and shouted at the Federal District Court Judge presiding over the civil injunction matter.  In addition, defendant Cooper refused to remain quiet during the proceedings involving the civil injunction.

  4. The above outlined evidence is not barred by Rule 404(b) of the Federal Rules of Evidence, because the evidence is inextricably intertwined with the charged conduct.  See United States v. Lambert, 995 F.2d 1006, 1007 (10th Cir. 1993) (Rule 404(b) does not bar evidence when the "evidence of the other act and the evidence of the crime charged are inextricably intertwined").

  5. The evidence highlighted above is inextricably intertwined with the charged conduct.  The charged conduct in this case deals with defendant Cooper's failure to comply with an order of the Federal District Court.  The civil suit that gave rise to the permanent injunction order is the same suit where the defendant committed the various acts outlined above.  Defendant Cooper's dealings with the court in the underlying lawsuit are thus necessary to tell a complete story regarding this crime.  United States

v. Record, 873 F.2d 1363, 1372 n.5 (10th Cir. 1989) (evidence is "'inextricably intertwined" with the charged crime such that a witness' testimony 'would have been confusing and incomplete without mention of the prior act'") (quoting United States v. Richardson, 764 F.2d 1514, 1521 – 22 (11th Cir. 1985)).

6.   Alternatively, should this evidence fall under Rule 404(b), the government hereby gives notice of its intent to introduce such evidence, and contends that such evidence is admissible under 404(b) to prove intent.  Rule 404(b) explicitly states that "[e]vidence of other crimes, wrongs or acts . . . may be admissible . . . as proof of . . . intent . . . ."  Fed. R. Evid. 404(b).  In order to admit evidence under 404(b), the Tenth Circuit has provided a four part test.  That test requires that: (1) the evidence is offered for a proper purpose; (2) it is relevant; (3) the probative value of the evidence is not substantially outweighed by its prejudicial effect; and (4) a limiting instruction is given if the defendant so requests.  United States v. Mares, 441 F.3d 1152, 1156 (10th Cir. 2006).

7.   In this case, the evidence is offered for a proper purpose and is relevant. Willfulness is a required element of criminal contempt.  See 18 U.S.C. 401(3); United States v. Voss, 82 F.3d 1521, 1529-30 (10th Cir. 1996).  Willfulness requires the government to prove, at least, that the defendant "performed an act, or failed to act, knowingly, voluntarily, deliberately and intentionally, as contrasted with accidentally, carelessly or unintentionally."  United States v. Voss, 82 F.3d 1521, 1530 (10th Cir. 1996).  This evidence would establish that the defendant was not mistaken.  He disagreed with the court and had disdain for the court's rulings and orders.  Put simply,

it establishes the defendant's state of mind in his dealings with the court.  Thus, the evidence is relevant to an element in the crime and is offered for a proper purpose.

8.  In addition, the probative value of the evidence is not substantially outweighed by its prejudice.  Finally, the government would not object to an appropriate limiting instruction.

WHEREFORE, the United States respectfully submits notice of its intent to introduce evidence.

Respectfully submitted,

TROY A. EID
United States Attorney

By: s/ *Jared E. Dwyer*
JARED E. DWYER
Trial Attorney
U.S. Dept. of Justice
Tax Division
601 D Street, N.W.
Washington, D.C. 20004
Telephone: 202-514-5189
FAX: 202-514-9623
E-mail: jared.e.dwyer@usdoj.gov
Attorney for Government

## CERTIFICATE OF SERVICE

  I hereby certify that on this _11th__ day of October 2006, I electronically filed the foregoing GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

   Thomas Francis Mulvahill, Esq.
   Tmulvahil@ccdzlaw.com


        *s/ Jared E. Dwyer*
        JARED E. DWYER
        Trial Attorney
        U.S. Dept. of Justice
        Tax Division
        601 D Street, N.W.
        Washington, D.C. 20004
        Telephone: 202-514-5189
        FAX: 202-514-9623
        E-mail: jared.e.dwyer@usdoj.gov
        Attorney for Government