IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 06-cr-305-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    AUSTIN GARY COOPER,

    Defendant.

_____

## DEFENDANT'S RESPONSE TO GOVERNMENT'S
## NOTICE OF INTENT TO INTRODUCE EVIDENCE

_____

    Defendant Austin Gary Cooper, by and through appointed counsel, submits the following response to the government's notice that they intend to introduce evidence of Mr. Cooper's statements and accusations made to and about the United States District Court Judge presiding over the civil injunction matter, as well as Mr. Cooper's general demeanor during those proceedings.

    1.    The evidence specified by the government involves conduct and comments by Mr. Cooper which can be fairly characterized as rude, insolent, obstructionist and discourteous. However, none of the conduct or comments is relevant to determining whether Mr. Cooper knowingly or willfully disobeyed the November 19, 2003 Permanent Injunction Order. Accordingly, Mr. Cooper objects to the admission of such evidence.

    2.    Evidence is relevant when it has a tendency to make the existence of any fact of consequence to the determination of the action more or less probable. Fed. R. Evid. 401. The conduct and comments cited by the government in their notice fail to help the fact finder

determine whether Mr. Cooper provided his mailing list, gave a copy of the Permanent Injunction Order to his clients, removed abusive tax scheme materials from the identified websites, displayed a copy of the Permanent Injunction Order on the websites, or maintained the purged websites, all as required by the November 19, 2003 Permanent Injunction Order.  Mr. Cooper's conduct and comments were remote in time from entry of the Permanent Injunction Order and the period within which he had to comply.  Further, the comments and conduct related to matters which were tangential or wholly unrelated to whether Mr. Cooper complied with the Permanent Injunction Order.  The statements made in court were of a personal nature, egregious and disrespectful, but not related to a factual determination of whether he had complied with the order.  Mr. Cooper's conduct, in court and by filing multiple pleadings, was obnoxious and obstructive - accurately characterized the United States District Court Judge as "irrelevant", "frivolous", and "prolix" – but, again, was unrelated to whether he had complied with the order.

3.      To the extent the Court disagrees and finds the evidence is relevant to Mr. Cooper's state of mind when dealing with the United States District Court and his willingness to comply with the Permanent Injunction Order, the probative value of such evidence is no more than minimal. And, there is considerable danger of unfair prejudice which would result from the jury hearing of Mr. Cooper's comments and conduct before the United States District Court Judge in prior proceedings.  The reasonable juror would find Mr. Cooper's behavior to be outrageous and an affront to the dignity of the court.  A juror, after considering Mr. Cooper's antics, could conclude that someone so disrespectful is not deserving of the constitutional protections afforded by the very system which he disdains. There is also the very real danger that a jury's decision to convict could be based upon a desire to punish Mr. Cooper for misdeeds in the prior proceedings, rather than upon the facts and the law provided at trial.  Therefore, the evidence should be excluded

because its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

4. Mr. Cooper would request a limiting instruction in the event the evidence is admitted by the Court.

RESPECTFULLY SUBMITTED this 11th day of October, 2006.

                                         __s/ Thomas F. Mulvahill_____
                                         Thomas F. Mulvahill
                                         Chambers Dansky & Mulvahill LLC
                                         1601 Blake Street, Suite 500
                                         Denver, CO  80202
                                         Telephone: (303) 825-2222
                                         FAX: (303) 825-4010
                                         E-mail: tmulvahill@ccdzlaw.com
                                         *ATTORNEY FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2006, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Jared Edward Dwyer**
  jared.e.dwyer@usdoj.gov
- **Peter D. Menges (terminated)**
  pmenges@mengeslaw.com
- **Thomas M. O'Rourke**
  Thomas.O'Rourke@usdoj.gov,USACO.ECFCriminal@usdoj.gov,Charlotte.Seaton@usdoj.gov

                                         __s/ Thomas F. Mulvahill_____
                                         Thomas F. Mulvahill
                                         Chambers Dansky & Mulvahill LLC
                                         1601 Blake Street, Suite 500
                                         Denver, CO  80202
                                         Telephone: (303) 825-2222
                                         FAX: (303) 825-4010
                                         E-mail: tmulvahill@ccdzlaw.com
                                         *ATTORNEY FOR DEFENDANT*