**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  06-cr-00305-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  AUSTIN GARY COOPER,

    Defendant.

## ORDER DETERMINING THAT TRIAL IS TO THE COURT

**Blackburn, J.**

The matter before me is **Government's Unopposed Motion To Determine Whether Trial Is By Jury Or To The Court** [#53] filed October 5, 2006. I hold that trial is to the court without a jury.

Defendant is charged in a one-count information with criminal contempt of court in violation of 18 U.S.C. § 401(3). *See* Information [#1] filed May 24, 2006. There is no statutory maximum penalty prescribed for a violation of 18 U.S.C. § 401(3).

The government advised me in open court on September 29, 2006, that it will not seek a sentence of more than six months imprisonment in the event of a conviction. The government reiterates that position in its motion. *See* Motion at 2, ¶ 6. Having considered the matter carefully, I state for the record that I will not impose a sentence of

more than six months imprisonment in the event of a conviction.[1]

Supreme Court jurisprudence holds that petty contempt like other petty criminal offenses may be tried without a jury and that contempt of court is a petty offense when the penalty actually imposed does not exceed six months or a longer penalty has not been expressly authorized by statute. *See* **Cheff v. Schnackenberg**, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966); **Bloom v. Illinois**, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); **Dyke v. Taylor Implement Mfg. Co., Inc.**, 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968); **Frank v. United States**, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969); **Baldwin v. New York**, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); **Taylor v. Hayes**, 418 U.S. 488, 495, 94 S.Ct. 2697, 2701, 41 L.Ed.2d 897 (1974).

Thus, given the reiterated position of the government, as expressed on the record and in this motion, and my declaration, as expressed in this order, I conclude that the contempt of court charged in the information is petty contempt and that, thus, trial may and should be to the court without a jury.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Government's Unopposed Motion To Determine Whether Trial Is By Jury Or To The Court** [#53] filed October 5, 2006, **IS RESOLVED** by the declaration of this court that trial of the crime charged by information shall be to the

---

[1] This pretrial declaration is made for the sole purpose of resolving the issue of whether defendant is entitled to a trial by jury and in no way supplants or supersedes any of defendant's other constitutional and legal rights, including, but not limited to, his right to the presumption of innocence and the right to require the government to establish guilt by proof beyond a reasonable doubt.

[2] In further support of my ruling, I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in its motion.

court without a jury;

     2. That trial to the court **SHALL COMMENCE** on Tuesday, October 24, 2006, at 8:30 a.m., with the court reserving two (2) days for nonjury (bench) trial, if necessary; and

     3. That the United States Marshal **SHALL SECURE** the attendance of defendant at the trial.

     Dated October 16, 2006, at Denver, Colorado.

                                       **BY THE COURT:**

                                       **s/ Robert E. Blackburn**
                                       **Robert E. Blackburn**
                                       **United States District Judge**